IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
NO. 5:17-cv-80-GCM

| | |
|---|---|
| KIMBERLY INGRAM,<br><br>               Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>**Acting Commissioner of Social Security,**<br><br>               Defendant. | ORDER |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Commissioner's Motion for Summary Judgment (Doc. No. 14). Having carefully considered the motions and reviewed the record, the court enters the following findings, conclusions, and Order.

**I. Background**

The administrative history of this matter is as stated in the Commissioner's memorandum of law supporting the Commissioner's motion for summary judgment.

The ALJ's findings relevant to this proceeding are as follows: Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (Tr. 25). Plaintiff has degenerative disc disease, depression, anxiety, bipolar disorder, obstructive sleep apnea, and status post C5-6 anterior cervical discectomy and fusion, which individually or in combination more than minimally affect her ability to perform work related activities and are thus considered to be "severe." (*Id.*). However, Plaintiff does not have an impairment or combination of impairments

1

that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 26).

After a consideration of the entire record, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations:

> except that [she] can frequently climb ladders, ropes and scaffolds and frequently stoop. The claimant needs a sit/stand option, alternative approximately two times per hour without losing productivity. The claimant can follow simple work instructions and can adapt to minor changes in a work routine (few if any workplace changes). The claimant can have occasional interactions with the general public, coworkers and supervisors (limited interpersonal demands).

(Tr. 27). Based on this RFC, the ALJ found in the fourth step that Plaintiff is unable to perform any past relevant work. (Tr. 31). Finally, at the fifth step, the ALJ concluded that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.*). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. 32).

## II. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## III. Discussion

On appeal, Plaintiff asserts that the ALJ erred in her decision, alleging that (1) she erred in assigning "minimal weight" to the opinion of Plaintiff's treating physician, and (2) she erred by relying on the Vocational Expert's testimony. The Court remands under Plaintiff's first assignment of error and therefore does not address Plaintiff's second assignment of error.

A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time. *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983). An ALJ must give controlling weight to the opinion of a treating source regarding the nature and severity of a claimant's impairment if that source's medical opinion is "well-supported by medically acceptable clinical and diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2). And if an ALJ does not find that controlling weight is warranted, an ALJ must consider six factors in determining what alternative weight to give the opinion: (1) whether it was an examining relationship; (2) whether it was a treating relationship, and the length, frequency, nature, and extent of such relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the source; and (6) other factors. *Id.* § 416.927(c).

Here, the ALJ failed to adequately follow this procedure in her evaluation of the opinion testimony of Plaintiff's primary care physician, Dr. Tran. On December 16, 2013, Dr. Tran completed a "Questionnaire Concerning Kimberly Ingram" that the ALJ noted was prepared by Plaintiff's attorney and consisted "primarily of yes/no responses in a very leading form." (Tr. 30, 386). The ALJ found that this questionnaire was inconsistent with other medical evidence of record. (Tr. 30). Accordingly, he assigned the opinion of Dr. Tran "minimal weight." (*Id.*).

While the form of the questionnaire submitted by Dr. Tran does raise questions about its legitimacy and supportability, the ALJ failed to address the substance of the questionnaire in any meaningful way. And although the ALJ states that the questionnaire was inconsistent with the medical evidence, she does not note any specific inconsistencies. Rather, the ALJ discounted Dr. Tran's opinions and substituted her own with no explanation of how she reached her conclusions. For example, Dr. Tran opined that Plaintiff is only capable of sedentary work, and the ALJ limited Plaintiff to light work with additional restrictions. (Tr. 27, 386). Yet the ALJ did not identify any evidence in the record supporting Plaintiff's ability to perform light work or show how Dr. Tran's finding that Plaintiff is limited to sedentary work conflicts with record evidence. Dr. Tran also found that Plaintiff would probably miss more than three days of work per month due to her conditions, but the ALJ did not discuss or make any finding on this issue at all. (Tr. 27, 386).

Such a "conclusory or sparse" discussion of a treating physician's opinion is insufficient to meet the requirements of 20 C.F.R. § 416.927(c). *See Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018). Rather, an ALJ must "build an accurate and logical bridge from the evidence to [her] conclusion" regarding the weight assigned to a medical expert's opinion. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). This is particularly true in light of the requirement that an ALJ must assign controlling weight to the opinion of a treating physician so long as it is "well-supported by medically acceptable clinical and diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2).

Accordingly, the Court finds that the ALJ erred by not properly evaluating the expert opinion testimony of Dr. Tran in this matter.

## IV. Conclusion

For the foregoing reasons, the Court finds that the Commissioner's decision is not supported by substantial evidence.

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**, and the Commissioner's Motion for Summary Judgment (Doc. No. 14) is **DENIED**. The decision of the Commissioner denying the relief sought by Plaintiff is **VACATED**, and this matter is **REMANDED** for further consideration.

**SO ORDERED**.

Signed: August 28, 2018

Graham C. Mullen
United States District Judge